IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHAUN G. SHAPELY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 2:13-cv-01627-WMA-JHE |
| ) | |
| WARDEN CHERYL PRICE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff Shaun G. Shapely filed his original complaint in this action on August 30, 2013, alleging that the living conditions at Donaldson Correction Facility were deplorable. (Doc. 1). He filed these allegations as a putative class action on behalf of himself and all other inmates at Donaldson Correctional Center. In that complaint, the plaintiff sought declaratory relief that the conditions of the prison violate the First, Eighth, and Fourteenth Amendments. (*Id.*, at 32). The court then considered the variety of motions the plaintiff had filed, including a motion for leave to file an amended complaint. (Docs. 12 & 14). The motion for leave to file an amended complaint was granted, and the plaintiff was informed that the amended complaint should include all of the plaintiff's claims. (Doc. 14 at 2). The plaintiff was further advised that the court would consider only the claims set forth in his amended complaint. (*Id.* at 2-3). The plaintiff sought and received an extension of time to file an amended complaint. (Doc. 15 & text order dated December 6, 2013).

The plaintiff filed his amended complaint on December 19, 2013. (Doc. 16). In that pleading, seeking declaratory, injunctive, and monetary relief, the plaintiff sued Cheryl Price, Warden of Donaldson Correctional Facility, Cedric Sparks, also a Warden of Donaldson

Correctional Facility, Sara Coatney, a correctional officer, and T. Keyes, also a correctional officer. He alleged he was transferred to Donaldson on March 23, 2012, and held in segregation until August 2012, when he was released from segregation and "placed in and around violent dangerous inmates." (Doc. 16 at 6). He requested access to a law library on March 23, 2012, but was denied and only allowed one day a week in which to go to the law library. (*Id*. at 9). Plaintiff alleged this was Officer T. Keyes's fault because Officer Keyes allowed other prisoners access to the law library. (*Id.*). Throughout 2012 and 2013 Officer Keyes continued to deny his access "to an adequate law library and reasonable time for research." (*Id.*, at 10). The plaintiff further alleged that the times provided and the library clerk were insufficient given he had five (5) pending cases. (*Id.*).

The plaintiff was stabbed by a fellow inmate on October 26, 2012, while in a wheelchair. (Doc. 16 at 6). At some point, unnamed prison officials attempted to file a false disciplinary report against him to justify their failure to protect him. (*Id*. at 7). In November 2012, the plaintiff was transferred to Dorm Y-3, where he was robbed "of his property" while correctional officers did nothing. (*Id.*). On January 13, 2013, he was assaulted by another inmate and while a body chart was completed, he was not seen by a doctor for his injuries or for injuries to his neck and back where he had a cervical fusion. (*Id.*). The plaintiff has pre-existing medical conditions for which he did not receiving adequate treatment. (*Id.*). On May 7, 2013 through May 23, 2013, the plaintiff's medications, wheel chair, and cane were taken from him by unnamed prison guards. (Doc. 16 at 7-8). On October 15 and 16, 2013, the plaintiff was again denied his medication, including medicine for his blood pressure. (*Id.*, at 8). The plaintiff was then transferred to Dorm X-17, which he described as more violent. (*Id.*). The cell continually flooded from an upstairs toilet, and the shower and shower floors were inadequate and did not work. (*Id.*). Most of Dorm X inmates were homosexuals, and, although he requested to be moved back to "the religious faith based Dorm L,"

Warden Price refused that request. (*Id*. at 8). Additionally, the plaintiff claimed that the problem with pill call was due to a lack of standard operating procedures, and he was being punished by being denied access to the Law Library. (*Id*. at 9). On August 26, 2013, Officer Sara Coatney failed to deliver a summons to the plaintiff resulting in a default judgment being taken against him. (*Id*.). He also had to be treated for scabies on November 15, 2013, which was evidence of the unsafe and dirty living conditions. (*Id.* at 10-11). The plaintiff asserted the defendants were deliberately indifferent to his medical needs, including the use of an assistive device for walking, denied him access to the law library and interfered with his need for legal assistance, harassed him and failed to protect him from other inmate assaults, and retaliated against him for his complaints against prison officers. (*Id*., at 12-13).

The plaintiff next filed a motion to supplement on July 7, 2014, seeking to add claims under the Americans with Disabilities Act. (Doc. 17). On August 8, 2014, the plaintiff filed another motion to supplement due to further instances of inadequate medical care and retaliation for seeking medical care. (Doc. 18).

The plaintiff was ordered on October 27, 2014, to re-plead his complaint in full. (Doc. 19). That order noted the plaintiff had filed more than ninety (90) pages of narrative naming a variety of defendants, but none of which alleged precisely how any named defendant had violated the plaintiff's constitutional rights. The court set forth the reasons those "shotgun" pleadings violated the Federal Rules of Civil Procedure and afforded the plaintiff the opportunity to correct the deficits. (*Id*.). The court specifically instructed:

> The plaintiff is therefore **ORDERED** to re-plead his complaint. The plaintiff **MUST** comply with the pleading requirements of the Federal Rules of Civil Procedure and

draft his complaint in a way that allows the Court to accurately determine the specific claims he is asserting against each named defendant.

The plaintiff must complete a new § 1983 complaint form and submit it to the Court within thirty (30) days. The new complaint must be labeled "**Final Amended Complaint**" and the case number "**2:13-cv-01627-WMA-JHE**" must be written on the first page. Additionally, the plaintiff should comply with the following guidelines in submitting his final amended complaint to the Court:

> In the final amended complaint, the plaintiff should name as defendants only those persons who he claims violated his constitutional rights and he must identify those same persons as defendants both in the heading and in Part III of the complaint form. He should also state clearly how each named defendant violated his constitutional rights, the date(s) on which the incident(s) occurred, and where the incident(s) occurred. **However, the plaintiff is WARNED that unrelated claims against different defendants must not be combined into one lawsuit and will not be allowed**. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also, Johnson v. Cummings*, 2010 WL 749328 (S.D. Ala.). The final amended complaint should not refer back to the original complaint or supplemental documents, as the Court will consider **only** those claims that are set forth in the final amended complaint. **The plaintiff should not provide his legal theories and conclusions, but should provide the court with a SHORT AND PRECISE recitation of the facts in support of each claim against each defendant.**

FAILURE TO COMPLY WITH THIS ORDER WITHIN THIRTY (30) DAYS WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE. FED. R. CIV. P. 41(b).

(Doc. 19).

The plaintiff again moved for extension of time, (doc. 20), which was again granted. (Doc. 21). In the Order granting that motion, the plaintiff was

> **ADVISED** his final amended complaint should not be a lengthy narrative pleading. Rule 8(a) of the Federal Rules of Civil Procedure mandates that a complaint set forth a short and plain statement showing that the plaintiff is entitled to relief, and Rule 10(b) requires discrete claims be pled in separate counts. Finally, the plaintiff is reminded that the final amended complaint should not refer back to the original or amended complaints and that unrelated claims against different defendants belong in separate suits.

(Doc. 21). The plaintiff then filed yet another motion for extension of time, (doc. 22), which was again granted. (Doc. 23).

On February 6, 2015, the plaintiff filed a "Final Amended Complaint." (Doc. 24). In that pleading, the plaintiff named as defendants Warden Cheryl Price, Warden Cedric Spears, Sara Coatney, T. Keys, Nurse Practitioner Butler, Nurse Hallmark, Officer Newman, Officer Willis, Officer Heflin, Monika Gadson, Sgt. Taylor, Nurse Hatworth, Nurse Carlisle, Sgt. Sanders, Sgt. Jones, Ms. Johnson Chief Steward, and Officer Mason. (Doc. 24 at 5). The Final Amended Complaint fails to set forth any claim against any of these defendants. Rather, in descriptions labeled as "Counts," the plaintiff lists the job description of each of the defendants. Then, in complete disregard of the court's prior orders, the plaintiff references "complaints" filed with this court on October 27, 2014,[1] and August 30, 2013. For example, Count 6 reads, in total, as follows:

> COUNT 6
>
> NURSE HALL MARCK
> WILLIAM E. DONALDSON CORRECTIONAL FACILITY
>
> THE PLAINTIFF CONTENDS THAT NURSE HALLMARK IS PRESENTLY EMPLOYED WITH CORIZON HEALTH SERVICES WHO PROVIDES MEDICAL SERVICES TO INMATES OF THE ALABAMA DEPARTMENT OF CORRECTIONS, NURSE HALLMARK IS RESPONSIBLE FOR SCREENING INMATES WHO COMPLAIN OF MEDICAL PROBLEMS, THE PLAINTIFF WISHES TO SUPPLEMENT ALL FORMAL COMPLAINTS AND AFFIDAVITS INTO THIS FINAL AMENDED COMPLAINT.

(Doc. 24 at 7-8).

On May 11, 2015, the plaintiff filed yet another motion to supplement. (Doc. 25). That thirty-two (32) page document contains a two page narrative focused on allegations of wrongdoing

---

[1] The only document filed on October 27, 2014, was this court's Order to the plaintiff setting forth instructions for filing an amended complaint.

5

by an "Officer Herring" who is not a party to this action. (*Id*. at 1-2). It also attaches disciplinary reports, multiple narrative "Affidavit/Complaints," and several pages of canteen sales receipts.

This Court can dismiss an action for failure to comply with the Federal Rules of Civil Procedure or Orders of this Court. *See e.g., Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion"); *Hernandez v. Charlotte Corr. Inst.*, 394 Fed. Appx. 667 (11th Cir. 2010) (affirming dismissal of prisoner civil rights complaint for plaintiff's repeated failure to cure Rule 8 deficiencies by amendments previously allowed); *Tanner v. Neal*, 232 Fed. Appx. 924 (11th Cir. 2007) (affirming dismissal of prisoner's civil rights complaint for plaintiff's failure to cure pleading deficiencies noted in court's prior order directing amendment). The plaintiff was advised that failure to comply with the court's order of October 27, 2014, would result in the dismissal of this action. Yet, rather than following the court's instructions, the plaintiff has continued to file "amended complaints" and "motions to supplement" which name multiple defendants against whom the plaintiff states no causes of action, conclusory claims without any factual background, and factual statements unrelated to named defendants or causes of action. Due to the plaintiff's failure to comply with previous orders of this Court and his failure to state a claim upon which relief can be granted, this action is due to be dismissed and will be dismissed by separate order.

DONE this 26th day of June, 2015.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE